# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLISON SCHALL, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ADECCO U.S.A., INC., and | : | |
| ADECCO RPO, | : | No. 10-2526 |
|     Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                                                          January 28, 2010

      Allison Schall was eight months pregnant when Adecco U.S.A., Inc. ("Adecco") fired her. Schall alleges Adecco fired her because she requested maternity leave, and timely brought a claim under the Family and Medical Leave Act ("FMLA"). Adecco filed an answer, engaged in discovery, participated in a Rule 16 conference with the Court, and now moves to compel arbitration. Schall asserts that Adecco waived its right to arbitrate these claims by actively litigating the case for five months prior to raising the issue of arbitration. Because Schall fails to make out a sufficient showing of prejudice to support a finding of waiver, the Court will grant Adecco's motion.

## I.    BACKGROUND

      Allison Schall worked for Adecco as a recruiter, telecommuting from her home in Pennsylvania. (Compl. ¶¶ 14-16.) Adecco fired her effective January 15, 2010. (*Id*. ¶ 20.) Schall was eight months pregnant, and alleges Adecco's management was aware that she had requested leave under the FMLA to care for her newborn. (*Id*. ¶ 21.) Schall also asserts Adecco fired her because she took time off from work due to her pregnancy. (*Id*. ¶ 22.)

      Schall filed this action on March 25, 2010. Adecco answered Schall's Complaint on July 26,

2010.  Adecco's Answer raises seven affirmative defenses, but offers no indication that Adecco intended to compel arbitration or was aware that an arbitration agreement existed.  The parties attended a scheduling conference with the Court on November 10, 2010, and the Court set a trial date of July 5, 2011.  The Court directed the parties to complete discovery by March 4, 2011.

Adecco moved to compel arbitration on January 4, 2011, attaching a copy of the arbitration agreement Schall signed when she was hired.  This document indicates that Schall and Adecco agreed to arbitrate all statutory claims arising from her employment.  (Def.'s Mot. to Compel Arb. and Dismiss the Compl. Ex. B [Arb. Agr.] 4.)  Adecco is responsible for paying arbitration costs "to the extent such costs would not otherwise be incurred in a court proceeding," and both parties may conduct discovery pursuant to the arbitration agreement.  (*Id*.)

Schall acknowledges signing the agreement, but opposes Adecco's motion to compel arbitration solely on the basis of Adecco's purported waiver of its right to arbitrate Schall's claims.  (Pl.'s Mem. in Opp'n to Defs.' Mot. to Compel Arb. 2.)  Schall argues that Adecco intentionally waited to seek arbitration until it had obtained her responses to the company's interrogatories and document requests.  (*Id*. at 2, 6.)  According to Schall, Adecco has meanwhile refused to provide responsive discovery to her in an attempt to "jump into federal court and to obtain everything it needs from [Schall] and then to jump out of federal court when it is done getting responsive discovery."  (*Id*. at 2, 8.)

Adecco disputes that substantial discovery has taken place.  Neither party has taken a deposition, and Adecco has not yet responded to discovery requests.  (Def.'s Reply Br. in Further Supp. of its Mot. to Dismiss and Compel Arb. 2.)  Adecco represents that it has received only twenty pages of discovery from Schall: seventeen pages in response to Adecco's document requests and

2

three pages in response to the company's interrogatories. (*Id*. at 3.)

II. **STANDARD OF REVIEW**

Courts, not arbitrators, "decide the question of whether a party has waived its right to arbitrate by actively litigating the case in court." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 217-18 (3d Cir. 2007). Consistent with the strong preference for arbitration, federal courts find that a party has waived its right to arbitration "only where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) (quoting *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068-69 (3d Cir. 1995)). Courts find a waiver of arbitration rights if "a sufficient showing of prejudice has been made by the party seeking to avoid arbitration." *Id*.; *see also Ehleiter*, 482 F.2d at 222.

III. **DISCUSSION**

Six factors are relevant to the court's waiver analysis: (1) the timeliness of the motion to arbitrate; (2) the degree to which the party seeking to compel arbitration has contested its opponent's claims on the merits; (3) whether that party informed its adversary of its intention to seek arbitration; (4) the extent of its non-merits motion practice; (5) its assent to the court's pretrial orders; and (6) the extent to which both parties have engaged in discovery. *Jewelry Exch.*, 609 F.3d at 208-09 (citing *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 926-27 (3d Cir. 1992)). Schall has not made a strong showing that Adecco waived its right to arbitrate her claims with respect to any of these factors.

Although Adecco did not move to compel arbitration swiftly, the company's delay was not

extreme. Schall filed this action on May 25, 2010, approximately seven months before Adecco moved to compel arbitration on January 4, 2011. A seven-month delay does not weigh heavily in Schall's favor. *See Peltz ex rel. Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 722 (E.D. Pa. 2005) (granting motion to compel arbitration despite seven-month delay during which moving party filed two motions to dismiss, answered interrogatories, and conducted a deposition); *see also Gray Holdco, Inc. v. Cassady*, Civ. A. No. 09-1519, 2010 WL 4687744, at *3 (W.D. Pa. Nov. 10, 2010) (comparing cases in which courts concluded a party waived arbitration rights after delays exceeding eleven months).

During the seven months Adecco has been involved in this case, the company has not argued the merits of Schall's claims beyond filing its Answer. While Adecco included various affirmative defenses in its Answer, there has been no motion practice on the merits. An answer alone is not a waiver of arbitration rights. *See Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57-58 (2d Cir. 2001) (noting that "neither filing an answer nor waiting four months to seek arbitration" constitutes waiver of the right to arbitrate.)

Although Adecco did not immediately inform Schall that it intended to seek arbitration, Adecco's motion to compel arbitration was its first motion seeking affirmative relief. This fact weighs against a finding of waiver, as Schall has not been involved in costly motion practice. *See FCMA, LLC v. Fujifilm Recording Media U.S.A., Inc.*, Civ. A. No. 09-4053, 2010 WL 3076486, at *4 (D.N.J. Aug. 5, 2010) (granting motion to compel arbitration where defendants filed no prior motions for affirmative relief); *cf. Morales v. Superior Living Prods., LLC.*, Civ. A .No. 07-4419, 2009 WL 3234434, at *7 (E.D. Pa. Sept. 30, 2009) (noting that costs incurred by plaintiffs in responding to two motions to dismiss constituted prejudice supporting a finding of waiver). This

is consistent with Adecco's representation to the Court that it sought arbitration as soon as the company became aware that Schall's contract contained an arbitration clause.

Adecco raised no objection to the Court's pretrial orders, which set dates for the close of discovery and for trial. Attending a pretrial conference and complying with a scheduling order is inconsistent with the intent to arbitrate. *See Smith v. IMG Worldwide, Inc.*, 360 F. Supp. 2d 681, 687 (E.D. Pa. 2005). Nevertheless, this conduct is minimal compared to the extensive use of court resources at issue in cases where courts have found waiver to exist. *Cf. id.* (finding party waived right to arbitrate where defendant stipulated to amended scheduling order, complied with that order, and served expert reports prior to filing motion to compel arbitration).

Finally, the extent of discovery completed in this case weighs against a finding of waiver. In particular, the fact that neither party has taken a deposition strongly suggests that Adecco's delay did not prejudice Schall. *See Katel LLC v. AT&T Corp.*, Civ. A. No. 02-2440, 2004 WL 1192072, at *1 (S.D.N.Y. May 28, 2004). Schall's production of twenty pages of documents and responses to interrogatories does not amount to the serious prejudice necessary to a finding of waiver. Further, it does not appear Adecco will gain an unfair advantage in arbitration from the discovery it has already obtained, as Adecco's arbitration agreement does not limit the use of any specific discovery procedures. *See Nationwide Mut. Fire Ins. Co. v. Geo. V. Hamilton, Inc.*, Civ. A. No. 08-646, 2010 WL 1445554, at *10 (W.D. Pa. Apr. 9, 2010).

Adecco's litigation conduct essentially consists of filing its Answer, participating in discovery, and attending a pretrial conference. While Adecco's delay may have inconvenienced Schall and caused her some additional expense, it does not constitute waiver. *See Windward Agency, Inc. v. Cologne Life Reins. Co.*, Civ. A. No. 95-7830, 1997 WL 164269, at *4 (E.D. Pa. Apr. 1,

1997) ("Delay alone, without any prejudice to the opposing party, aside from expense and inconvenience will not constitute waiver.") (quoting *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985)).

## IV. CONCLUSION

Schall has not demonstrated prejudice sufficient to support a finding of waiver. As the parties do not otherwise contest the arbitrability of Schall's claims or the enforceability of Adecco's arbitration clause, the Court will grant Adecco's motion to compel arbitration. An Order consistent with this Memorandum will be docketed separately.